Argued and submitted March 17, modified September 15, 1982

In the Matter of the Marriage of

## DILLON,
*Appellant,*
*and*
## DILLON,
*Respondent.*

(37502; CA A22363)

650 P2d 980

J. W. Walton, Corvallis, argued the cause for appellant. On the brief were Robert G. Ringo, and Ringo, Walton, Eves & Gardner, P.C., Corvallis.

James Eickelberg, Corvallis, argued the cause for respondent. With him on the brief was Eickelberg & Fewel, Corvallis.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Wife appeals the portions of the dissolution decree dividing the parties' property and fixing the amount and duration of spousal support.

The trial court awarded wife money market funds worth $36,000, stock worth $10,300, a savings account containing $345, real property worth $25,000 and miscellaneous items of personal property. It awarded husband the family home, worth $60,000, a retirement account in his name worth $21,700, a savings account containing $2,000, a credit union share account worth $1,500, a stock fund worth $344 and other items of personal property. The court also entered a $9,000 judgment in favor of wife and against husband for wife's share of the interest in the retirement account acquired during the marriage.[1]

■ Wife argues that she should have gotten the "long half" of the assets. She argues that the property division is not "just and proper in all the circumstances," ORS 107.105(1)(e), because most of the parties' assets are traceable to proceeds from the sale of a home that wife brought into the marriage, and in which the parties lived in the early years of the marriage. Wife acquired the home as part of the property settlement from her previous marriage, and husband paid the $3,400 due wife's former husband for his share of the home; he also made the mortgage payments. The trial court therefore concluded that the parties "made equal contributions toward the interest in that house," and the evidence supports that conclusion. The trial court attempted to divide the property equally. There is no error in that division.

■ The court found that, although wife has some health problems, she will be employable at some time in the near future. Accordingly, it awarded temporary spousal support of $500 per month for six months. Wife contends that the amount is inadequate and the support should be permanent.

---

[1] The parties dispute the value of some of the property, primarily that of the miscellaneous personal property. Their estimated values do not vary significantly, however. The values stated in this opinion are approximate.

Under ORS 107.105(c), the court is to consider a number of factors in determining the proper amount and duration of spousal support, including the duration of the marriage, the age and health of the parties, their work experience, earning capacity and financial conditions, and the need for maintenance, retraining or education to enable the party needing support to become employable at suitable work.

Wife was 46 and husband was 40 at the time of dissolution of this nine-year marriage. Husband is an engineering manager who earns approximately $40,000 a year. He has been with the same employer for almost 20 years. Wife has a high school education. Beginning in 1971, she worked as a loan interviewer for about two years. During the succeeding years, wife was occupied as a home-maker until the last year of the marriage, when she worked part time as a bookkeeper. Beyond that work experience, wife appears to have no specialized skills making her employable immediately.

Husband complains of no health problems, but wife has suffered from back problems in the past. She had extensive back surgery before the parties were married. Wife testified that she continues to have back problems, and she receives physical therapy regularly.

Given the apparent disparity in the parties' earning capacity and considering wife's health problems, we think that limiting spousal support to six months' duration is inappropriate. It appears that wife will be employable at some time in the future, but she has been occupied pri-marily as a homemaker for most of the marriage and will probably need more time to increase her earning capacity. As part of the property settlement, wife was awarded income-producing assets that should give her approximately $10,000 a year in income. The $500 spousal support pay-ments increase wife's income to $16,000 a year. The amount of support is adequate, but we modify the decree to require husband to pay it for three years to allow wife to establish "a standard of living not overly disproportionate to the one she enjoyed during the marriage." *Grove and Grove,* 280 Or 341, 348, 571 P2d 477 (1977).

Decree modified to require husband to pay wife spousal support in the amount of $500 per month for three years. Costs to wife.